No. 24-10612

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

STATE OF TEXAS; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF UTAH; JEFFREY W. TORMEY; GUN OWNERS OF AMERICA, INCORPORATED; GUN OWNERS FOUNDATION; TENNESSEE FIREARMS ASSOCIATION; VIRGINIA CITIZENS DEFENSE LEAGUE,

Plaintiffs-Appellees,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK GARLAND, in his official capacity as Attorney General of the United States; STEVEN DETTELBACH, in his official capacity as Director of Bureau of Alcohol, Tobacco, Firearms and Explosives,

Defendants-Appellants.

---

On Appeal from the United States District Court
for the Northern District of Texas

---

# RECORD EXCERPTS

---

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*
MICHAEL S. RAAB
BRAD HINSHELWOOD
KEVIN J. KENNEDY
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7256*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-7823*

# TABLE OF CONTENTS

**Page**

Docket Sheet (ROA.1) .......................................................................RE2

Memorandum Opinion and Order, Docket No. 70. (ROA.990) ........................... RE19

Notice of Appeal, Docket No. 73. (ROA.1016) ....................................... RE40

APPEAL

# U.S. District Court
# Northern District of Texas (Amarillo)
# CIVIL DOCKET FOR CASE #: 2:24-cv-00089-Z

State of Texas et al v. Bureau of Alcohol Tobacco Firearms and Explosives et al
Assigned to: Judge Matthew J. Kacsmaryk
Case in other court:  USCA5, 24-10612
Cause: 05:702 Administrative Procedure Act

Date Filed: 05/01/2024
Jury Demand: None
Nature of Suit: 890 Other Statutes: Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| State of Texas | represented by | **Garrett M Greene**<br>Office of the Texas Attorney General<br>Special Litigation Division<br>209 W 14th Street<br>Austin, TX 78711<br>512-936-2917<br>Email: Garrett.Greene@oag.texas.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted*<br><br>**Kathleen T. Hunker**<br>Office of the Texas Attorney General<br>Special Litigation Division<br>PO Box 12548, MC 009<br>Austin, TX 78711-2548<br>512-936-2275<br>Email: kathleen.hunker@oag.texas.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
|---|---|---|

**Plaintiff**

| State of Louisiana | represented by | **Garrett M Greene**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted*<br><br>**Kelsey L Smith**<br>1885 North 3rd Street<br>Baton Rouge, LA 70802<br>225-428-7432<br>Email: smithkel@ag.louisiana.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |
|---|---|---|

**Plaintiff**

| State of Mississippi | represented by | |
|---|---|---|

24-10612.1

**Justin Lee Matheny**
Mississippi Attorney General Office
550 High Street
Suite 1200
Jackson, MS 39205
601-359-3680
Fax: 601-359-2003
Email: justin.matheny@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**State of Utah**                              represented by    **Andrew Dymek**
Attorney General
Civil Appeals
Heber Wells Bldg
160 East 300 South
5th Floor
Salt Lake City, UT 84114-0857
801-366-0533
Email: adymek@agutah.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Plaintiff**

**Jeffrey W. Tormey**                          represented by    **Stephen Dean Stamboulieh**
Stamboulieh Law PLLC
PO Box 428
Olive Branch, MS 38654
601-852-3440
Email: stephen@sdslaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
Barnett Howard & Williams PLLC
930 W. 1st Street
Ste 202

24-10612.2

Fort Worth, TX 76102
817-993-9249
Fax: 817-697-4388
Email: barnett@bhwlawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John I. Harris, III**
Schulman LeRoy & Bennett PC
3310 West End Avenue
Suite 460
Nashville, TN 37203
615-244-6670
Fax: 615-254-5407
Email: jharris@slblawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**Gun Owners of America, Inc.**            represented by    **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John I. Harris, III**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**Gun Owners Foundation**            represented by    **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

24-10612.3

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John I. Harris, III**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**Tennessee Firearms Association**          represented by   **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John I. Harris, III**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**Virginia Citizens Defense League**          represented by   **Stephen Dean Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brandon Wilson Barnett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Garrett M Greene**
(See above for address)
*ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**John I. Harris, III**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Intervenor Plaintiff**

| | | |
|---|---|---|
| **Levi Rudder**<br>*TERMINATED: 05/23/2024* | represented by | **Levi Rudder**<br>7717 Milwaukee Ave. Ste. 500-401<br>Lubbock, TX 79424<br>512-640-9619<br>Email: constitutional.uslaw@gmail.com<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Bureau of Alcohol Tobacco Firearms and Explosives** | represented by | **Jeremy S B Newman**<br>DOJ-Civ<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20005<br>202-532-3114<br>Email: jeremy.s.newman@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
| | | **Keri Lane Berman-DOJ**<br>DOJ-Civ<br>Federal Programs Branch<br>1100 L Street NW<br>Ste 11206<br>Washington, DC 20004<br>202-305-7538<br>Email: keri.l.berman@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |
| | | **Zachary Sherwood**<br>DOJ-Civ<br>Department of Justice, Civil Division<br>Federal Programs Branch<br>Washington, DC 20005<br>202-616-8467<br>Email: zachary.w.sherwood@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

24-10612.5

**<u>Defendant</u>**

**United States Department of Justice**    represented by    **Jeremy S B Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Keri Lane Berman-DOJ**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Zachary Sherwood**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**<u>Defendant</u>**

**Merrick Garland**    represented by    **Jeremy S B Newman**
*in his official capacity as Attorney General*    (See above for address)
*of the United States*    *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Keri Lane Berman-DOJ**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Zachary Sherwood**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**<u>Defendant</u>**

**Steven Dettelbach**    represented by    **Jeremy S B Newman**
*in his official capacity as Director of*    (See above for address)
*Bureau of Alcohol, Tobacco, Firearms and*    *LEAD ATTORNEY*
*Explosives*    *ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Keri Lane Berman-DOJ**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

**Zachary Sherwood**
(See above for address)
*ATTORNEY TO BE NOTICED*
Bar Status: Not Admitted

24-10612.6

**Amicus**

**Brady Center to Prevent Gun Violence**    represented by    **John David Graubert, I**
Covington & Burling LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001-4956
202-662-5938
Email: jgraubert@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jocelyn Jezierny**
Covington & Burling LLP
850 Tenth St NW
Washington, DC 20001
202-662-5316
Email: jjezierny@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Everytown for Gun Safety Action Fund**    represented by    **John David Graubert, I**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jocelyn Jezierny**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**March for Our Lives**    represented by    **John David Graubert, I**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jocelyn Jezierny**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Amicus**

**Giffords Law Center to Prevent Gun Violence**    represented by    **John David Graubert, I**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jocelyn Jezierny**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2024 | 1 (p.18) | COMPLAINT against All Defendants filed by State of Louisiana, Gun Owners Foundation, State of Mississippi, Jeffrey W. Tormey, Tennessee Firearms Association, State of Utah, Virginia Citizens Defense League, Gun Owners of America, Inc., State of Texas. (Filing fee $405; Receipt number ATXNDC-14583137) Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.18) Declaration(s), # 2 (p.94) Declaration(s), # 3 (p.96) Declaration(s), # 4 (p.100) Declaration(s), # 5 (p.102) Cover Sheet) (Hunker, Kathleen) (Entered: 05/01/2024) |
| 05/01/2024 | 2 (p.94) | NOTICE of Attorney Appearance by Stephen Dean Stamboulieh on behalf of Gun Owners Foundation, Gun Owners of America, Inc., Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League. (Stamboulieh, Stephen) (Entered: 05/01/2024) |
| 05/01/2024 | 3 (p.96) | MOTION to be relieved from mileage requirement in LR 83.10 for local counsel filed by Gun Owners Foundation, Gun Owners of America, Inc., Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League (Stamboulieh, Stephen) (Entered: 05/01/2024) |
| 05/01/2024 | 4 (p.100) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by State of Texas. (Clerk QC note: No affiliate entered in ECF). (Hunker, Kathleen) (Entered: 05/01/2024) |
| 05/02/2024 | 5 (p.102) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (No magistrate judge assigned). Clerk to provide copy to plaintiff if not received electronically. (cmk) (Entered: 05/02/2024) |
| 05/02/2024 | 6 (p.104) | Summons issued as to All Defendants, U.S. Attorney, and U.S. Attorney General. (cmk) (Entered: 05/02/2024) |

24-10612.8

| 05/02/2024 | 7 (p.128) | MOTION for Leave to File Exceed Page Limit filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League with Brief/Memorandum in Support. (Attachments: # 1 (p.18) Proposed Order Proposed Order, # 2 (p.94) Exhibit(s) Plaintiff TRO, # 3 (p.96) Exhibit(s) Exhibit A, # 4 (p.100) Exhibit(s) Exhibit B, # 5 (p.102) Exhibit(s) Exhibit C, # 6 (p.104) Exhibit(s) Exhibit D, # 7 (p.128) Exhibit(s) Exhibit E, # 8 (p.299) Exhibit(s) Exhibit F)Attorney Garrett M Greene added to party Gun Owners Foundation(pty:pla), Attorney Garrett M Greene added to party Gun Owners of America, Inc.(pty:pla), Attorney Garrett M Greene added to party State of Louisiana(pty:pla), Attorney Garrett M Greene added to party State of Mississippi(pty:pla), Attorney Garrett M Greene added to party State of Utah(pty:pla), Attorney Garrett M Greene added to party Tennessee Firearms Association(pty:pla), Attorney Garrett M Greene added to party Jeffrey W. Tormey(pty:pla), Attorney Garrett M Greene added to party Virginia Citizens Defense League(pty:pla) (Greene, Garrett) (Entered: 05/02/2024) |
| 05/03/2024 | 8 (p.299) | Certificate Regarding Judge-Specific Requirements. (Hunker, Kathleen) (Entered: 05/03/2024) |
| 05/03/2024 | 9 (p.301) | Certificate Regarding Judge-Specific Requirements. (Greene, Garrett) (Entered: 05/03/2024) |
| 05/04/2024 | 10 (p.303) | Certificate Regarding Judge-Specific Requirements. (Stamboulieh, Stephen) (Entered: 05/04/2024) |
| 05/06/2024 | 11 (p.305) | Certificate Regarding Judge-Specific Requirements. (Harris, John) (Entered: 05/06/2024) |
| 05/06/2024 | 12 (p.307) | ORDER granting 3 (p.96) Motion to be relieved from mileage requirement in LR 83.10 for local counsel. (Ordered by Judge Matthew J. Kacsmaryk on 5/6/2024) (awc) (Entered: 05/06/2024) |
| 05/06/2024 | 13 (p.308) | ORDER granting 7 (p.128) Motion for Leave to File Exceed Page Limit. (Ordered by Judge Matthew J. Kacsmaryk on 5/6/2024) (awc) (Entered: 05/06/2024) |
| 05/06/2024 | 14 (p.309) | Certificate Regarding Judge-Specific Requirements. (Barnett, Brandon) (Entered: 05/06/2024) |
| 05/07/2024 | 15 (p.311) | NOTICE of Attorney Appearance by Jeremy S B Newman on behalf of Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Newman, Jeremy) (Entered: 05/07/2024) |
| 05/09/2024 | 16 (p.314) | MOTION for Temporary Restraining Order (), MOTION for Injunction filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League (Attachments: # 1 (p.18) Exhibit(s) GOA Comment, # 2 (p.94) Exhibit(s) States' Comment, # 3 (p.96) Declaration(s), # 4 (p.100) Declaration(s), # 5 (p.102) Declaration(s), # 6 (p.104) Declaration(s), # 7 (p.128) Proposed Order) (Hunker, Kathleen) (Entered: 05/09/2024) |
| 05/10/2024 | 17 (p.482) | Unopposed MOTION to Expedite *Briefing Schedule on Plaintiff's Motion for Preliminary Relief and Notice of Availability for Hearing* filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, |

24-10612.9

| | | |
|---|---|---|
| | | Virginia Citizens Defense League (Attachments: # 1 (p.18) Proposed Order) (Greene, Garrett) (Entered: 05/10/2024) |
| 05/10/2024 | 18 (p.488) | ORDER granting 17 (p.482) Motion to Expedite. Defendants' opposition to Plaintiffs' motion for preliminary relief due by Tuesday, 5/14/2024 at 5:00 p.m. (CDT). Plaintiffs' reply in support of their motion for preliminary relief due by Wednesday, 5/15/2024 at 5:00 p.m. (CDT). (Ordered by Judge Matthew J. Kacsmaryk on 5/10/2024) (awc) (Entered: 05/10/2024) |
| 05/12/2024 | 19 (p.489) | Unopposed MOTION for Leave to File Excess Pages for Opposition to Plaintiffs' Motion for Temporary Restraining Order And/or Preliminary Injunction filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.18) Proposed Order) (Newman, Jeremy) (Entered: 05/12/2024) |
| 05/13/2024 | 20 (p.494) | ORDER granting 19 (p.489) Motion for Leave to File Excess Pages. Defendants are therefore ORDERED to not exceed fifty-five (55) pages in length in their response brief. (Ordered by Judge Matthew J. Kacsmaryk on 5/13/2024) (awc) (Entered: 05/13/2024) |
| 05/13/2024 | 21 (p.495) | ORDER: Motion Hearing set for 5/16/2024 11:00 AM in US Courthouse, Courtroom 1st Floor, 205 S. E. 5th Ave., Amarillo, TX 79101-1559 before Judge Matthew J. Kacsmaryk. re: 16 (p.314) MOTION for Temporary Restraining Order MOTION for Injunction. (See order for further specifics.) (Ordered by Judge Matthew J. Kacsmaryk on 5/13/2024) (awc) (Entered: 05/13/2024) |
| 05/14/2024 | 22 (p.497) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14615227) filed by Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives, Giffords Law Center to Prevent Gun Violence (Attachments: # 1 (p.18) Additional Page(s) Certificate of Good Standing)Attorney John David Graubert, I added to party Brady Center to Prevent Gun Violence(pty:am), Attorney John David Graubert, I added to party Everytown for Gun Safety Action Fund(pty:am), Attorney John David Graubert, I added to party March for Our Lives(pty:am), Attorney John David Graubert, I added to party Giffords Law Center to Prevent Gun Violence(pty:am) (Graubert, John) (Entered: 05/14/2024) |
| 05/14/2024 | 23 (p.501) | NOTICE of Attorney Appearance by Keri Lane Berman-DOJ on behalf of Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Berman-DOJ, Keri) (Entered: 05/14/2024) |
| 05/14/2024 | 24 (p.504) | NOTICE of Attorney Appearance by Zachary Sherwood on behalf of Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Filer confirms contact info in ECF is current.) (Sherwood, Zachary) (Entered: 05/14/2024) |
| 05/14/2024 | 25 (p.507) | ADDITIONAL ATTACHMENTS to 22 (p.497) Application for Admission Pro Hac Vice,, by Amicus Parties Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Giffords Law Center to Prevent Gun Violence, March for Our Lives. (Graubert, John) (Entered: 05/14/2024) |
| 05/14/2024 | 26 (p.509) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Jocelyn Jezierny (Filing fee $100; Receipt number ATXNDC-14616939) filed by Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Giffords Law Center to Prevent Gun Violence, March for Our Lives |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.18) Additional Page(s) Certificate of Good Standing, # 2 (p.94) Proposed Order Proposed Order) (Graubert, John) (Entered: 05/14/2024) |
| 05/14/2024 | 27 (p.515) | MOTION for Leave to File A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION filed by Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Giffords Law Center to Prevent Gun Violence, March for Our Lives (Attachments: # 1 (p.18) Exhibit(s) Brief as Amici Curiae, # 2 (p.94) Proposed Order Proposed Order) (Graubert, John) (Entered: 05/14/2024) |
| 05/14/2024 | 28 (p.547) | MOTION TO WAIVE LOCAL COUNSEL REQUIREMENT OF LOCAL RULE 83.10 filed by Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Giffords Law Center to Prevent Gun Violence, March for Our Lives (Attachments: # 1 (p.18) Proposed Order Proposed Order, # 2 (p.94) Cover Sheet Cover Letter) (Graubert, John) Modified title on 5/15/2024 (cmk). (Entered: 05/14/2024) |
| 05/14/2024 | 29 (p.553) | Certificate Regarding Judge-Specific Requirements. (Newman, Jeremy) (Entered: 05/14/2024) |
| 05/14/2024 | 30 (p.556) | Certificate Regarding Judge-Specific Requirements. (Berman-DOJ, Keri) (Entered: 05/14/2024) |
| 05/14/2024 | 31 (p.559) | RESPONSE filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 16 (p.314) MOTION for Temporary Restraining Order MOTION for Injunction (Newman, Jeremy) (Entered: 05/14/2024) |
| 05/14/2024 | 32 (p.629) | Certificate Regarding Judge-Specific Requirements. (Graubert, John) (Entered: 05/14/2024) |
| 05/14/2024 | 33 (p.632) | Certificate Regarding Judge-Specific Requirements. (Sherwood, Zachary) (Entered: 05/14/2024) |
| 05/15/2024 | 34 (p.635) | RESPONSE AND OBJECTION filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League re: 27 (p.515) MOTION for Leave to File A BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION (Greene, Garrett) (Entered: 05/15/2024) |
| 05/15/2024 | 35 (p.642) | ORDER granting 22 (p.497) Application for Admission Pro Hac Vice of John David Graubert, I; granting 26 (p.509) Application for Admission Pro Hac Vice of Jocelyn Jezierny. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g).; granting 27 (p.515) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.); granting 28 (p.547) Motion to Waive Local Counsel Requirement. (Ordered by Judge Matthew J. Kacsmaryk on 5/15/2024) (awc) (Entered: 05/15/2024) |
| 05/15/2024 | 36 (p.643) | BRIEF OF AMICI CURIAE IN SUPPORT OF THE DEFENDANTS filed by Brady Center to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Giffords Law Center to Prevent Gun Violence, March for Our Lives re 35 (p.642) Order. |

| | | (awc) (Entered: 05/15/2024) |
|---|---|---|
| 05/15/2024 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:35. Wed May 15 17:20:09 CDT 2024 (crt) (Entered: 05/15/2024) |
| 05/15/2024 | 37 (p.668) | REPLY filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League re: 16 (p.314) MOTION for Temporary Restraining Order MOTION for Injunction (Attachments: # 1 (p.18) Declaration(s)) (Greene, Garrett) (Entered: 05/15/2024) |
| 05/15/2024 | 38 (p.705) | MOTION for Leave to File to Exceed the Page Limit filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League (Attachments: # 1 (p.18) Proposed Order) (Greene, Garrett) (Entered: 05/15/2024) |
| 05/15/2024 | 39 (p.710) | Unopposed MOTION for Leave to File Out of Time filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League (Attachments: # 1 (p.18) Proposed Order) (Greene, Garrett) (Entered: 05/15/2024) |
| 05/16/2024 | 40 (p.716) | MOTION to Intervene filed by Levi Rudder with Brief/Memorandum in Support. (Attachments: # 1 (p.18) Proposed Complaint) (awc) (Entered: 05/16/2024) |
| 05/16/2024 | 41 (p.749) | Transcript Order Form: transcript requested by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League for Motion for Temporary Restraining Order and/or Preliminary Injunction held 5/16/24 (Court Reporter: Shayna Montgomery.) Payment method: Other Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Hunker, Kathleen) Modified name of court reporter on 5/17/2024 (awc). (Entered: 05/16/2024) |
| 05/16/2024 | 43 | ELECTRONIC Minute Entry for proceedings held before Judge Matthew J. Kacsmaryk: Motion Hearing held on 5/16/2024 re: 16 (p.314) MOTION for Temporary Restraining Order MOTION for Injunction . Written order to follow. Attorney Appearances: Plaintiff - Garrett Green, Stephen Stamboulieh, Kathleen Hunker; Defense - Jeremy Newman, Keri Berman, Zachary Sherwood. (Court Reporter: Shayna Montgomery) (No exhibits) Time in Court - 2:08. (vls) (Entered: 05/17/2024) |
| 05/17/2024 | 42 (p.1038) | Notice of Filing of Official Electronic Transcript of Motion Proceedings held on 05/16/2024 before Judge Kacsmaryk. Court Reporter/Transcriber Shayna Montgomery, Telephone number 806-468-3816. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (76 pages) Redaction Request due 6/7/2024. Redacted |

24-10612.12

| | | |
|---|---|---|
| | | Transcript Deadline set for 6/17/2024. Release of Transcript Restriction set for 8/15/2024. (srm) (Entered: 05/17/2024) |
| 05/19/2024 | 44 (p.751) | MEMORANDUM OPINION AND ORDER granting in part re: 16 (p.314) MOTION for Temporary Restraining Order MOTION for Injunction (Ordered by Judge Matthew J. Kacsmaryk on 5/19/2024) (vls) Modified text on 5/20/2024 (nht). (Entered: 05/19/2024) |
| 05/19/2024 | 45 (p.765) | ORDER:Pursuant to this Courts prior Memorandum Opinion and Order (ECF No. 43), all Plaintiffs are ORDERED to INDIVIDUALLY submit supplemental briefing explaining and evidencing their basis for standing on or before June 2, 2024. Said supplemental briefing may not exceed ten (10) pages and must otherwise comply with Local Rule 7.2(c). (Ordered by Judge Matthew J. Kacsmaryk on 5/19/2024) (vls) (Entered: 05/19/2024) |
| 05/23/2024 | 46 (p.766) | ORDER denying 40 (p.716) Motion to Intervene. (Ordered by Judge Matthew J. Kacsmaryk on 5/23/2024) (awc) (Entered: 05/23/2024) |
| 05/23/2024 | 47 (p.770) | ORDER granting 38 (p.705) Motion for Leave to File to Exceed the Page Limit; granting 39 (p.710) Motion for Leave to File Out of Time. (Ordered by Judge Matthew J. Kacsmaryk on 5/23/2024) (awc) (Entered: 05/23/2024) |
| 05/23/2024 | 48 (p.771) | SUMMONS Returned Executed as to Bureau of Alcohol Tobacco Firearms and Explosives ; served on 5/7/2024. (Greene, Garrett) (Entered: 05/23/2024) |
| 05/23/2024 | 49 (p.773) | SUMMONS Returned Executed as to Merrick Garland ; served on 5/7/2024. (Greene, Garrett) (Entered: 05/23/2024) |
| 05/23/2024 | 50 (p.775) | SUMMONS Returned Executed as to Steven Dettelbach ; served on 5/7/2024. (Greene, Garrett) (Entered: 05/23/2024) |
| 05/23/2024 | 51 (p.777) | SUMMONS Returned Executed as to United States Department of Justice ; served on 5/7/2024. (Greene, Garrett) (Entered: 05/23/2024) |
| 05/29/2024 | 52 (p.779) | NOTICE of Attorney Appearance by Kelsey L Smith on behalf of State of Louisiana. (Filer confirms contact info in ECF is current.) (Smith, Kelsey) (Entered: 05/29/2024) |
| 05/31/2024 | 53 (p.782) | Supplemental Document by Jeffrey W. Tormey as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Exhibit(s) Supplemental Declaration of Jeffrey Tormey) (Stamboulieh, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 54 (p.790) | Supplemental Document by Tennessee Firearms Association as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration(s) Supplemental Declaration of C. Richard Archie) (Stamboulieh, Stephen) (Attachment 1 replaced with flattened image on 6/3/2024) (cmk). (Entered: 05/31/2024) |
| 05/31/2024 | 55 (p.804) | Supplemental Document by Gun Owners of America, Inc. as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration(s) Supplemental Dec of Erich Pratt, # 2 (p.94) Exhibit(s) GOF Newsletter) (Stamboulieh, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 56 (p.823) | Supplemental Document by Gun Owners Foundation as to 45 (p.765) Order, . (Stamboulieh, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 57 (p.829) | Supplemental Document by Virginia Citizens Defense League as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration(s) Supplemental Declaration of Van Cleave) (Stamboulieh, Stephen) (Entered: 05/31/2024) |

| 05/31/2024 | 58 (p.839) | MOTION for Leave to File Response to Plaintiffs' Supplemental Briefing on Standing filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice (Attachments: # 1 (p.18) Proposed Order) (Sherwood, Zachary) (Entered: 05/31/2024) |
|---|---|---|
| 05/31/2024 | 59 (p.844) | Supplemental Document by State of Louisiana as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration of Lucius L. Morris II) (Smith, Kelsey) (Entered: 05/31/2024) |
| 05/31/2024 | 60 (p.858) | ORDER granting 58 (p.839) Motion for Leave to File. Defendants shall respond to Plaintiffs' supplemental briefing on standing on or before June 7, 2024. Likewise, the relief tailored in this Court's Memorandum Opinion and Order (ECF No. 44), shall be extended fourteen (14) days through June 16, 2024. (Ordered by Judge Matthew J. Kacsmaryk on 5/31/2024) (vls) (Entered: 05/31/2024) |
| 05/31/2024 | 61 (p.859) | Supplemental Document by State of Texas as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration(s), # 2 (p.94) Declaration(s), # 3 (p.96) Declaration(s)) (Greene, Garrett) (Entered: 05/31/2024) |
| 06/02/2024 | 62 (p.884) | Supplemental Document by State of Mississippi as to 45 (p.765) Order, . (Attachments: # 1 (p.18) Declaration(s) Duke Declaration) (Matheny, Justin) (Entered: 06/02/2024) |
| 06/02/2024 | 63 (p.892) | MOTION for Leave to File Motion to Intervene with Brief in support thereof; with Declaration of Levi Rudder; and with Proposed Supplemental Complaint for Additional Declaratory and Injunctive Relief filed by Levi Rudder with Brief/Memorandum in Support. (Rudder, Levi) (Entered: 06/02/2024) |
| 06/02/2024 | 64 (p.923) | Supplemental Document by State of Utah as to 45 (p.765) Order, . (Purser, Stanford) (Entered: 06/02/2024) |
| 06/05/2024 | 65 (p.934) | ORDER denying 63 (p.892) Motion for Leave to File Motion to Intervene. Rudder's Motion is DENIED. (Ordered by Judge Matthew J. Kacsmaryk on 6/5/2024) (awc) (Entered: 06/05/2024) |
| 06/07/2024 | 66 (p.936) | RESPONSE filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice re: 57 (p.829) Supplemental Document, 54 (p.790) Supplemental Document, 62 (p.884) Supplemental Document, 56 (p.823) Supplemental Document, 59 (p.844) Supplemental Document, 55 (p.804) Supplemental Document, 64 (p.923) Supplemental Document, 61 (p.859) Supplemental Document, 53 (p.782) Supplemental Document (Sherwood, Zachary) (Entered: 06/07/2024) |
| 06/10/2024 | 67 (p.965) | MOTION for Leave to File A Reply to Defendants' Response to Plaintiffs' Supplemental Briefing on Standing filed by State of Texas (Attachments: # 1 (p.18) Exhibit(s) Plaintiff Texas' Reply in Support of Supplemental Briefing in Support of Standing, # 2 (p.94) Proposed Order) (Greene, Garrett) (Entered: 06/10/2024) |
| 06/11/2024 | 68 (p.976) | MOTION for Leave to File Reply Brief filed by Gun Owners Foundation, Gun Owners of America, Inc., Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League (Attachments: # 1 (p.18) Exhibit A - Proposed Reply) (Stamboulieh, Stephen) (Entered: 06/11/2024) |
| 06/11/2024 | 69 (p.989) | ORDER denying 67 (p.965) MOTION for Leave to File A Reply to Defendants' Response to Plaintiffs' Supplemental Briefing on Standing filed by State of Texas ; denying 68 (p.976) MOTION for Leave to File Reply Brief filed by Gun Owners |

24-10612.14

| | | |
|---|---|---|
| | | Foundation, Gun Owners of America, Inc., Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League. (Ordered by Judge Matthew J. Kacsmaryk on 6/11/2024) (vls) (Entered: 06/11/2024) |
| 06/11/2024 | 70 (p.990) | Memorandum Opinion and Order - Plaintiffs Motion for a preliminary injunction is GRANTED. Defendants are hereby ENJOINED from enforcing the regulations. re 16 (p.314) MOTION for Temporary Restraining Order (), MOTION for Injunction filed by Gun Owners Foundation, Gun Owners of America, Inc., State of Louisiana, State of Mississippi, State of Texas, State of Utah, Tennessee Firearms Association, Jeffrey W. Tormey, Virginia Citizens Defense League. (Ordered by Judge Matthew J. Kacsmaryk on 6/11/2024) (vls) (Entered: 06/11/2024) |
| 06/25/2024 | 71 (p.1011) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14720187) filed by State of Utah (Attachments: # 1 (p.18) Exhibit(s) Certificate of Good Standing)Attorney Andrew Dymek added to party State of Utah(pty:pla) (Dymek, Andrew)(Entered: 06/25/2024) |
| 06/27/2024 | 72 (p.1015) | ORDER granting 71 (p.1011) Application for Admission Pro Hac Vice of Andrew Dymek. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Matthew J. Kacsmaryk on 6/27/2024) (awc) (Entered: 06/27/2024) |
| 07/02/2024 | 73 (p.1016) | NOTICE OF INTERLOCUTORY APPEAL to the Fifth Circuit by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Sherwood, Zachary) (Entered: 07/02/2024) |
| 07/08/2024 | 74 (p.1019) | ANSWER to 1 (p.18) Complaint,,,,, filed by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Berman-DOJ, Keri) (Entered: 07/08/2024) |
| 07/09/2024 | 75 (p.1036) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Bureau of Alcohol Tobacco Firearms and Explosives, Steven Dettelbach, Merrick Garland, United States Department of Justice. (Clerk QC note: No affiliate entered in ECF). (Berman-DOJ, Keri) (Main Document 75 replaced with flattened image on 7/10/2024) (nht). (Entered: 07/09/2024) |
| 07/12/2024 | 76 | USCA Case Number 24-10612 in USCA5 for 73 (p.1016) Notice of Appeal filed by Merrick Garland, Bureau of Alcohol Tobacco Firearms and Explosives, United States Department of Justice, Steven Dettelbach. (awc) (Entered: 07/12/2024) |

This Page has intentionally been left blank.

This Page has intentionally been left blank.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS, *et al.*,

       Plaintiffs,

v.                                                                    2:24-CV-089-Z

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES, *et al.*,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for a Preliminary Injunction ("Motion") (ECF No. 16), filed May 9, 2024. Defendants filed their response ("Response") (ECF No. 31) on May 14, 2024. Having reviewed the briefing and relevant law, the Court **GRANTS** the Motion. Defendants are hereby **ENJOINED** from enforcing the regulations — "Definition of 'Engaged in the Business' as a Dealer in Firearms" (hereinafter "Final Rule") — published at 89 Fed. Reg. 28968 (April 19, 2024) (to be codified at 27 C.F.R. pt. 478) against Plaintiffs Texas, Louisiana, Mississippi, Utah, Jeffrey Tormey ("Tormey"), the Gun Owners of America, Inc. ("GOA"), the Gun Owners Foundation ("GOF"), the Tennessee Firearms Association ("TFA"), and the Virginia Citizens Defense League ("VCDL") pending the resolution of this lawsuit.

### BACKGROUND

The United States Attorney General has authority to enforce the Gun Control Act of 1968 ("GCA") and promulgate regulations necessary to enforce its provisions. 18 U.S.C. § 926(a). Congress and the Attorney General, in turn, delegated GCA administrative and enforcement responsibilities to the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). 28 U.S.C. §§ 599A(b)(1), (c)(1); 28 C.F.R. §§ 0.130(a)(1)–(2).

24-10612.990

The GCA imposes strict requirements on firearms dealers and severe consequences for violating them. It makes it unlawful for any person — save a licensed dealer — to "engage in the business" of dealing in firearms until he has filed an application with ATF and received a license. 18 U.S.C. § 923(a). It requires dealers to conduct background checks on prospective firearms recipients and to maintain records for tracing purposes. *Id.* §§ 922(t), 922(b)(5), 923(g)(1)(A). And it provides that persons who willfully engage in the business of dealing firearms without a license face imprisonment for up to five years, a fine of up to $250,000, or both. *Id.* §§ 922(a)(1)(A), 924(a)(1)(D), 3571(b)(3). Any firearms involved in such violations may be subject to administrative or civil forfeiture. *Id.* § 924(d)(1).

The Firearms Owners' Protection Act of 1986 ("FOPA") modified the GCA, adding a statutory definition of "engaged in the business" as "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." Pub. L. 99-308, § 101, 100 Stat. 449, 450 (1986). Then in 2022, President Biden signed into law the Bipartisan Safer Communities Act ("BSCA"). The BSCA broadened the definition of "engaged in the business" by eliminating the requirement that a person's "principal objective" of purchasing and reselling firearms must include both "livelihood and profit," replacing it with a requirement to "predominantly earn a profit." 18 U.S.C. § 921(a)(21)(C). However, the BSCA did not alter FOPA's exclusions for "a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms." *Id.*

On April 19, 2024, ATF promulgated a Final Rule to "provide clarity to persons who remain unsure of whether they are *engaged in the business* as a dealer in firearms with

2

the *predominant intent* of obtaining pecuniary gain." 89 Fed. Reg. at 28968 (emphasis added).

To that end, it clarifies "that firearms dealing may occur wherever, or through whatever medium, qualifying . . . activities are conducted." *Id.* This includes "a gun show or event, flea market, auction house, or gun range or club; at one's home; by mail order; over the internet; [and] through . . . other electronic means (*e.g.*, an online broker, online auction, text messaging service, social media raffle, or website) . . . ." *Id.* at 28973–74. And it clarifies that "a single firearm transaction or *offer* to engage in a transaction" may require a license. *Id.* at 29091 (emphasis added).

Four States, a handful of organizations, and an individual citizen argue that the Final Rule violates the Administrative Procedure Act ("APA") and the Constitution. In their view, the Final Rule is (1) arbitrary and capricious; (2) in excess of ATF's lawful authority; (3) an abuse of ATF's discretion; (4) in contravention of the BSCA; and (5) violative of the Second and Fourth Amendments. *See generally* ECF No. 16. And Plaintiffs aver that they will suffer irreparable harm if the Final Rule takes effect. *Id.* at 2. Defendants respond that (1) Plaintiffs do not have standing, and (2) even if they did, their claims fail on the merits. ECF No. 31 at 25, 36.

On May 9, 2024, Plaintiffs moved for a temporary restraining order ("TRO"). ECF No. 16. After reviewing briefing and conducting a hearing, this Court granted a TRO — but not as to all Plaintiffs. ECF No. 44. Observing that Louisiana, Mississippi, and Utah's demonstration of standing fell short, this Court excluded them from the TRO's reach and ordered supplemental briefing. ECF No. 60. Defendants responded to that supplemental briefing on June 7, 2024. ECF No. 66.

### LEGAL STANDARD

To obtain a preliminary injunction, Plaintiffs must show (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted;

(3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Robinson v. Ardoin*, 86 F.4th 574, 587 (5th Cir. 2023); *Air Prod. & Chemicals, Inc. v. Gen. Servs. Admin.*, No. 2:23-CV-147-Z, 2023 WL 7272115, at *2 (N.D. Tex. Nov. 2, 2023).

The first two factors are most critical, and the latter two merge when the government is an opposing party. *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020); *Nken v. Holder*, 556 U.S. 418, 435 (2009). That said, no factor has a "fixed quantitative value." *Mock v. Garland*, 75 F.4th 563, 587 (5th Cir. 2023). On the contrary, "a sliding scale is utilized, which takes into account the intensity of each in a given calculus." *Id.* In sum, "[t]he decision to grant or deny [relief] lies within the sound discretion of the trial court . . . ." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

ANALYSIS

I.    All Plaintiffs have standing.

"Article III standing is a threshold issue." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). As such, the Court addresses it before moving on to the merits. *See Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) ("[B]efore considering any other matters raised by the parties, [the Court is] obliged to resolve the standing question as a threshold matter of jurisdiction.") (internal marks omitted).

To have standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). And such an injury must be "concrete, particularized, and actual or imminent . . . ." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008); *Texas v. Biden*, 589 F. Supp. 3d 595, 611 (N.D. Tex. 2022).

### A. Plaintiff States

Texas, Louisiana, Mississippi, and Utah all plead a "pocketbook injury" — "a prototypical form of injury in fact." *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021); *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 461 (2017). Each State illustrates that the Final Rule will prohibit otherwise eligible persons from obtaining a Federal Firearms License ("FFL"), thereby reducing total attendance and sales at gun shows. This is not speculative. *See* ECF Nos. 61-1 at 2 (Declaration of Darwin Boedeker) (describing a "30% loss in reservations and attendance at [Boedeker's] shows" and "a loss of about $150,000 over the last six weeks" due to a reduction in "attendance, sales of tables, and people coming to sell" firearms); 37 at 7–8; 59 at 2–3; 62 at 3; 64 at 5–6. Indeed, the Final Rule itself recognizes — and anticipates — this effect. *See* 89 Fed. Reg. at 29054 (providing an estimate "of the proportion of those sellers who are likely to be either unwilling *or unable* to become licensed as an FFL as a result of the [Final Rule]") (emphasis added). And because each State collects a sales tax applicable to gun show admission fees, floor space fees, rental fees, parking fees, and — of course — the sale of firearms, each State will sustain financial losses.[1] ECF Nos. 37 at 7; 59 at 3; 62 at 2; 64 at 5.

Although the foregoing is itself a sufficient injury, the States specify that even taxable gun sales by persons *without* an FFL will be reduced as well. *See* ECF No. 59-1 at 6 ("Many websites allow lawful sales of firearms by persons who are not required to be an FFL."). Those sales are taxed. *See* ECF No. 62-1 at 1–2 ("Internet sellers . . . are required to register to collect Mississippi use tax on behalf of their Mississippi customers."). Louisiana, for example, collects a 4.45 percent sales tax on internet sales, purchases, and trades of firearms. ECF No. 59-1 at 6. As such, the Final Rule injures the States by — at the very least — (1) reducing taxable

---

[1] *See* Taxes — Fairs, Festivals, Markets, and Shows, https://comptroller.texas.gov/taxes/publications/96-211.php#:~:text=You%20must%20collect%20sales%20or,tax%20on%20your%20taxable%20sales.

5

sales by persons *with* FFLs, and (2) reducing taxable sales by persons *without* FFLs. Both results shrink the firearms market, lower attendance at gun shows, and deny the States taxable revenue.

Lastly, traceability and redressability "typically overlap" when a plaintiff challenges government action. *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 6 n.1 (D.C. Cir. 2017) (Kavanaugh, J.). Here, the States establish that the Final Rule will result in losses to State fiscs. *See, e.g.*, ECF Nos. 59-1 at 6 (Declaration of Lucius L. Morris II of the Louisiana Department of Revenue); 62-1 at 1 (Declaration of Gregory I. Duke of the Mississippi Department of Revenue); 61-3 at 2 (Declaration of Murl E. Miller of the Office of the Texas Comptroller). That is a "real, immediate, and direct" injury. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008). Moreover, enjoining the Final Rule — a but-for cause of the States' lost revenue — will redress that injury. *See Carpenters Indus. Council v. Zinke*, 854 F.3d at 6 n.1 ("After all, if a government action causes an injury, enjoining the action usually will redress that injury.").

Defendants respond with several arguments. First, they argue that Plaintiff States' pled injuries are foreclosed by *United States v. Texas*, 599 U.S. 670 (2023). But that case merely held that a "State's claim for standing *can* become more attenuated" when it asserts "that a federal law has produced only . . . indirect effects" on "state revenues or state spending." *Texas*, 599 U.S. at 680, n.3 (2023) (emphasis added). "Can" does not mean "does." Rather, *Texas* counsels that — in evaluating standing — a fact-specific, case-by-case inquiry is appropriate. The Supreme Court acknowledged as much about its decision. *See id.* at 683 ("The Court's standing decision today is narrow and simply maintains the longstanding jurisprudential status quo.").

Defendants next cite *El Paso Cnty, Texas v. Trump* for the proposition that "incidental and attenuated harm" to "general tax revenue" is "insufficient to grant a state or county standing." 982 F.3d 332, 341 (5th Cir. 2020); ECF No. 66 at 10. There, the Fifth Circuit explained that "[a]

direct link, such as the loss of a *specific* tax revenue, is necessary . . . ." *El Paso Cnty.*, 982 F.3d at 340 (emphasis added). But that is what Plaintiff States provide. In line with cases like *Wyoming v. Oklahoma*, they allege "a direct injury in the form of a loss of *specific* tax revenues." 502 U.S. 437, 438 (1992) (emphasis added). Those tax revenues include, first and foremost, the sales and use taxes levied against firearms transactions (both at gun shows and via e-commerce) — but also motor fuels taxes, entertainment taxes, alcoholic beverages taxes, hotel taxes, and more. ECF Nos. 61-3 at 4–5 (Declaration of Murl E. Miller of the Office of the Texas Comptroller); 59-1 at 6 (Declaration of Lucius L. Morris II of the Louisiana Department of Revenue); 62-1 at 1 (Declaration of Gregory I. Duke of the Mississippi Department of Revenue); 64 at 5 (State of Utah's Brief on Standing).

Lastly, Defendants object that Plaintiff Texas's evidence merely suggests "that firearms sales *at certain gun shows* decreased compared to previous shows, which the promoter attributes to vendors' confusion regarding the [Final] Rule's scope." ECF No. 66 at 16 (emphasis in original). As such, the evidence "does not . . . speak to whether the number of firearms *sold in Texas overall* — including by FFLs and unlicensed sellers unimpacted by the Rule — decreased as well." *Id.* (emphasis in original). But how Texas — or any State, entity, or organization — could possibly demonstrate that is unclear. Indeed, the nature of many unlicensed sales is that they go *unreported*. In any event, a demonstration of omniscience is not required for Article III standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013) ("Our cases do not uniformly require plaintiffs to demonstrate that it is literally certain that the harms they identify will come about."). Rather, courts "have found standing based on a 'substantial risk' that the harm will occur . . . ." *Id.* (quoting *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2747 (2010)). Plaintiff States meet their burden.

### B.  Plaintiff Tormey

Challenging the potential future enforcement of a regulation requires a plaintiff to show (1) "an intention to engage in a course of conduct" that is "arguably proscribed" by the regulation and (2) that "the threat of future enforcement . . . is substantial." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161–64 (2014). Tormey is a gun owner who possesses a "large personal collection of firearms" that he "accumulated over many years." ECF No. 53 at 1. He pleads that he has "bought, sold, and traded firearms" and "previously purchased a table at certain gun shows, in order to facilitate enhancing [his] collection." ECF No. 16-3 at 3. He frequently changes the "model of firearm [he] carr[ies] for personal protection" due to the rapid changes in firearms technology. ECF No. 53-1 at 2. And he fears the Final Rule presumes "that much of his perfectly lawful conduct is in fact felonious, foisting on him the burden to prove his innocence for conduct that the statute already expressly declares to be lawful." ECF No. 53 at 2.

In response, Defendants contend that Tormey's intended conduct "does not . . . rise to the level of being 'engaged in the business.'" ECF No. 66 at 20; *see also* Tr. at 36: 18–21 ("[Tormey's conduct] is not the type of conduct that would implicate the [Final Rule] which targets unlicensed individuals engaged in the selling of firearms . . . principally for profit."). In support of that contention, they cite the Final Rule's definition of "engaged in the business": "[a] person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms." ECF No. 66 at 20 (citing 89 Fed. Reg. at 29091). From that, they conclude that "occasionally sell[ing] a small number of personal-protection firearms to upgrade to newer models do[es] not meet [the] multi-element standard." ECF No. 66 at 21–22.

24-10612.997

But for the reasons explained *infra*, the Court disagrees. *See* Part II(A). Moreover, Defendants fail to clarify which element Tormey has not met. Instead, they assure Tormey that "a fact-specific inquiry" governs whether someone is "engaged in the business of dealing." *Id.* at 22. Given Defendants' subsequent reiteration that "a person can be engaged in the business of dealing without necessarily having completed multiple firearms sales," the promise of a "fact-specific inquiry" is cold comfort. *Id.* at 21–22.

Defendants next argue that Tormey fails to illustrate that the "threat of future enforcement" against him is "substantial." *Id.* at 22 (citing *Susan B. Anthony List*, 573 U.S. at 164). But that case "treated the threat of future enforcement as case- and fact-specific, understanding that evaluating threats . . . cannot be neatly reduced to a rigid formula." *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 928 (5th Cir. 2023). The Fifth Circuit in *Braidwood* counsels that "even a 'public[] announce[ment]' to enforce a statute and one prior proceeding are sufficient for standing." *Id.* (quoting *Telescope Media Grp. v. Lucero*, 936 F.3d 740, 750 (8th Cir. 2019)). Here, Defendants announced their intent to enforce the Final Rule. ECF No. 37 at 9. And Plaintiffs have identified a prior enforcement proceeding "targeting conduct falling squarely within the [Final] Rule's ambit." *Id.*; *e.g.*, ECF No. 16-4 at 8–9 (Declaration of Erich M. Pratt).

Defendants respond that (1) the identified prior enforcement proceeding "involved very different circumstances than those set forth in Tormey's declarations," and (2) the Fifth Circuit in *Braidwood* only found standing "where there was a prior enforcement action *and* the plaintiffs were unquestionably 'breaking' the agency guidance they were challenging." ECF No. 66 at 23 (emphasis in original). Neither argument succeeds. First, the prior enforcement proceeding involved a man — Mr. Arwady — who voluntarily surrendered his FFL after having been prosecuted by ATF but acquitted on all charges. ECF No. 16-4 at 8. He then "sold those personally

9

owned firearms to other private parties" to liquidate his collection and recoup his investment. *Id.* In doing so, Mr. Arwady did more than the law required: he paid for a transfer from his local FFL to the buyer's FFL and ensured proper paperwork and background checks for each firearm and buyer, respectively. *Id.* at 9. Nevertheless, ATF charged him with being "engaged in the business" without a license, arrested him, "put him in federal lockup, and seized his lifetime of collected firearms." *Id.* After the government brought the case to trial, the jury unanimously voted — again — to acquit him of all charges. *Id.* As such, Mr. Arwady's case and that of Tormey are relevantly similar in at least three ways: (1) neither held, nor hold, an FFL; (2) both intended, or intend, to sell firearms from a "personal collection"; and (3) Mr. Arwady was charged under — and Tormey challenges — similar "engaged in the business" language. ECF No. 44 at 6.

Second, Defendants misconstrue *Braidwood*. They characterize the Fifth Circuit as having found — via independent factual analysis — that "the plaintiffs were unquestionably 'breaking' the agency guidance they were challenging." ECF No. 66 at 23. Not quite. The court in *Braidwood* merely recognized that the plaintiffs "*admit* they are breaking [the] guidance" and "posit statutory . . . issues with the laws under which they are *at risk* of being prosecuted." *Braidwood*, 70 F.4th at 926 (emphasis added). But even if the *Braidwood* court had made such a finding, the opinion nowhere suggests that the "threat of enforcement" analysis *requires* this Court to find an actual violation. It suffices that the threat against Tormey is "substantial." *Susan B. Anthony List*, 573 U.S. at 164. And Defendants do not deny — nor could they — that such an enforcement would result in irreparable injury if it occurred.

### C.  Plaintiff Organizations

Under the doctrine of associational standing, an association may bring suit on behalf of its members when (1) those members would otherwise have standing to sue; (2) the interests it seeks

to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members. *Hancock Cnty. Bd. of Sup'rs v. Ruhr*, 487 F. Appx. 189, 195 (5th Cir. 2012) (citing *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010)).

Here, three organizations (GOA, TFA, and VCDL) count Tormey — who has standing — as a member. ECF No.16-3 at 2. Moreover, TFA and VCDL have provided declarations evidencing that they have specific members "who will be impacted [by the Final Rule] because they have . . . bought and resold firearms, and wish to do so in the future without being improperly labeled as a 'dealer' in firearms." ECF No. 16-5 at 3 (Declaration of C. Richard Archie); ECF No. 16-6 at 3–4 (Declaration of Philip Van Cleave). The same holds true for GOF. *See* ECF No. 16-4 at 4 (Declaration of Erich M. Pratt). And the GOA describes a former FFL whose retirement savings are now frozen in unsellable inventory. ECF Nos. 37 at 11; 16-4 at 8.

Defendants respond that GOF "is not the sort of membership organization that can invoke such standing in the first place." ECF No. 66 at 24–25. And indeed, "a non-membership organization . . . cannot contend that it has associational standing." *Vote.org v. Callanen*, 39 F.4th 297, 303 n.2 (5th Cir. 2022). However, an association without traditional members may establish standing "by proving that it has 'indicia of membership' . . . ." *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 344 n.9 (5th Cir. 2012) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 344 (1977)); *see also Gettman v. Drug Enf't Admin.*, 290 F.3d 430, 435 (D.C. Cir. 2002) ("In determining whether an organization that has no members in the traditional sense may nonetheless assert associational standing, the question is whether the organization is the functional equivalent of a traditional membership organization.").

11

As described in Plaintiffs' Complaint, GOF is "a nonprofit legal defense and educational foundation" that is "supported by gun owners across the country." ECF No. 1 at 4. It litigates cases "throughout the country on behalf of [its] members and supporters." ECF No. 56 at 4. GOF members receive information about its activities through a quarterly newsletter and regular emails about its activities. *Id.* at 3. They regularly communicate their views to GOF about issues on which GOF should focus. *Id.* And they voluntarily fund GOF. *Id.* Indeed, because GOF is a nonprofit organization, it receives *all* its funding from supporters. *Id.* The foregoing, together, suffice for GOF's associational standing. *See Funeral Consumers All.*, 695 F.3d at 344 n.9 ("The organization must represent the individuals it claims as members and provide 'the means by which [those individuals] express their collective views and protect their collective interests.'") (quoting *Hunt*, 432 U.S. at 345); *see also id.* (recognizing that "financ[ing] the organization's activities, including the case's litigation costs" constitutes an "indicia of membership").

Defendants next argue that the organizations must identify their members by *name* to have associational standing. *See* ECF No. 31 at 33 ("[The organizational Plaintiffs] cannot establish standing based on an unnamed member."). But Defendants' purported support, *Summers v. Earth Island Institute*, did not consider impermissible reliance on anonymous or pseudonymous declarations to establish standing.[2] 555 U.S. 488, 495 (2009). Rather, it considered the plaintiffs' failure "to allege that *any* particular . . . sale or other project claimed to be unlawfully subject to the regulations [would] impede a specific and concrete plan" of the plaintiffs. *Id.* (emphasis in original). Nor has the Supreme Court adopted a "naming requirement" — such as the one proposed by Defendants — in the wake of *Summers. See, e.g., Students for Fair Admissions, Inc. v. Harvard*,

---

[2] The Tenth Circuit recognized that "[a]nonymity was not even an issue before the Supreme Court in *Summers*." *Speech First, Inc. v. Shrum,* 92 F.4th 947, 949 (10th Cir. 2024). "Although one might read language in that opinion to require that only persons identified by their legal names can have standing, that was clearly not the intent of the Court." *Id.* "The opinion provided no hint, much less an emphatic statement, that it was abrogating decades of precedent." *Id.*

24-10612.1001

600 U.S. 181, 200–01 (2023) (holding that an organization had standing "when it filed suit" where it "identified" individual harmed members but did not provide their names).

Moreover, Defendants may be correct that some other Circuits require a named member. *See* ECF No. 66 at 25 (arguing that cases from the First, Second, and Sixth Circuits establish that unnamed members are insufficient for associational standing). But this Circuit does not. *See, e.g.*, *Hancock Cnty. Bd. of Sup'rs,* 487 F. Appx. at 195 (upholding the use of anonymous declarations); *Speech First, Inc. v. Fenves*, 979 F.3d 319, 335 (5th Cir. 2020) (accepting anonymous declarations); *Chamber of Com. of U.S.A. v. Consumer Fin. Prot. Bureau*, No. 6:22-CV-00381, 2023 WL 5835951, at *6 (E.D. Tex. Sept. 8, 2023) ("[D]efendants argue that no plaintiff has shown that an 'identified member' suffers harm because some plaintiffs have used pseudonyms . . . . That argument fails."); *id.* (finding that anonymous declarations "credibly show that plaintiffs have identified members . . . currently suffering cognizable harm").

Lastly, Defendants argue that, "[r]ather than providing declarations from members themselves, the organizations each filed a supplemental declaration from one of its leaders" that merely "summarizes statements made by other non-declarants . . . who purportedly 'fear' that the [Final] Rule will affect them in some way." ECF No. 66 at 25. This objection fails for two reasons. First, it is factually inaccurate. In TFA's case, for example, it filed a declaration from C. Richard Archie, who is both a director *and a member* of the TFA. *See* ECF No. 54-1 at 1 ("I make these statements in my capacity as a director of the [TFA], *of which I am also a member*.") (emphasis added). As with many organizations of this sort, there is no expectation that a leader will not also be a member — if anything, the opposite assumption holds. Second, the declarations provide concreteness and detail, not mere fears that the Final Rule will affect the declarants in *some* way. *See, e.g.*, *id.* at 4–5 (explaining that the Final Rule's examples, exceptions, and presumptions make

13

it unclear how personal collections of firearms will be treated, thereby discouraging the altering, amending, improving, or selling of parts of the collection); 55-1 at 2 (describing a gun owner's concern that selling firearms from his personal collection will require him "to rebut th[e] presumption" of having an "intent to predominantly earn a profit," pursuant to 89 Fed. Reg. at 29091); 57-1 at 2.

The foregoing analyses establish that all Plaintiffs — the States, Tormey, and the firearm organizations — have standing. Having addressed that "threshold inquiry," this Court now moves to the merits analysis. *See Cibolo Waste, Inc.*, 718 F.3d at 473.

## II.     Plaintiffs are substantially likely to prevail on their APA claim.

Judicial review under the APA is limited to the administrative record. 5 U.S.C. § 706. "[A]gencies, as mere creatures of statute, must point to explicit Congressional authority justifying their decisions." *Clean Water Action v. U.S. Env't Prot. Agency*, 936 F.3d 308, 313 n.10 (5th Cir. 2019); *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress."). As such, courts are compelled to "hold unlawful and set aside agency action[s]" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory . . . authority . . . ." 5 U.S.C. § 706(2)(A), (C).

The "arbitrary and capricious" standard asks a court to consider whether the agency "has relied on factors which Congress has not intended . . . , entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence[,]" or is "so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

24-10612.1003

As this is a question of statutory interpretation, the Court begins with the text. *United States v. Lauderdale Cnty., Miss.*, 914 F.3d 960, 961 (5th Cir. 2019); *Air Prod. & Chemicals, Inc. v. Gen. Servs. Admin.*, No. 2:23-CV-147-Z, 2023 WL 7272115, at *7 (N.D. Tex. Nov. 2, 2023). Here, the Final Rule clashes with the text of the BSCA in at least three ways. First, it asserts that there is no "minimum number of firearms to actually be sold to be 'engaged in the business'" for the purposes of the licensing requirement. 89 Fed. Reg. at 29021. "[A] single firearm transaction" — or even a mere *offer* to engage in a transaction — may suffice. *Id.* at 28976.

> [W]hile selling large numbers of firearms or engaging or offering to engage in frequent transactions may be highly indicative of business activity, neither the courts nor the Department have recognized a set minimum number of firearms purchased or resold that triggers the licensing requirement. Similarly, there is no minimum number of transactions that determines whether a person is "engaged in the business" of dealing in firearms. *Even a single firearm transaction*, or offer to engage in a transaction, when combined with other evidence, *may be sufficient to require a license*.

89 Fed. Reg. at 28976 (emphasis added).

But the BSCA says otherwise:

The term "engaged in the business" means . . .

*** 

> as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through *the repetitive purchase and resale of firearms*, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms[.]

18 U.S.C. § 921(a)(21)(C) (emphasis added).

Defendants' proffered interpretation is severely undercut by Section 921(a)(21)(C)'s use of (1) "firearms," in the plural; (2) the phrase "regular course," clearly contemplating a series of events; (3) "repetitive," meaning more than once; and (4) the Section's exemption of "sales,

15

exchanges, or purchases" in the plural. 18 U.S.C. § 921(a)(21)(C). So too does Section 921(a)(21)(C) require the "purchase *and* resale" of firearms — a conjunctive requirement that flatly contradicts Defendants' assertion that "there is no minimum threshold number of firearms purchased *or* sold that triggers the licensing requirement." 89 Fed. Reg. at 29091 (emphasis added).

Second, the Final Rule suggests that "actual profit is not a requirement of the statute — it is only the predominant *intent* to earn a profit through the repetitive purchase and resale of firearms that is required." *Id.* at 29045. In other words, "a person may repeatedly advertise and display firearms for sale, and therefore demonstrate a predominant intent to earn a profit from repeatedly reselling the firearms purchased, but never actually find a buyer." *Id.* But Section (a)(22) of the BSCA provides:

> The term "to predominantly earn a profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: *Provided*, That proof of profit shall not be required as to a person who engages in the regular and repetitive purchase and disposition of firearms for *criminal purposes or terrorism*.

18 U.S.C § 921(a)(22) (emphasis added).

The negative corollary is obvious: while proof of profit is *not* required "for criminal purposes or terrorism," it *is* required for all other cases. *See Baptist Mem'l Hosp. - Golden Triangle, Inc. v. Azar*, 956 F.3d 689, 694 (5th Cir. 2020) ("[T]he canon of *Expressio Unius Est Exclusio Alterius* . . . provides that expressing one item of [an] associated group or series excludes another left unmentioned.") (internal marks omitted). Moreover, the mere fact that the word "intent" appears in the Section does not necessitate — or even suggest — that intent is *all* that is required. Rather, the Section's usage of "intent" serves to distinguish the *type* of intent contemplated: "one of obtaining pecuniary gain." 18 U.S.C § 921(a)(22). Action is needed, too.

16

24-10612.1005

Third, the Final Rule arbitrarily eviscerates Section 921(a)(21)(C)'s safe harbor provision.[3]

That provision reads:

> The term "engaged in the business" . . . shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms[.]

18 U.S.C. § 921(a)(21)(C). Nothing in the foregoing text suggests that the term "personal collection" does not include firearms accumulated primarily for personal protection — yet that is exactly what the Final Rule asserts. *See* 89 Fed. Reg. at 29090 ("[T]he term [personal collection] shall not include firearms accumulated . . . for personal protection[.]"). Nor can Defendants' position be supported by its *own* interpretative policy of implementing terms' "common meaning." *See id.* at 28974 ("This definition is consistent with the common meaning of 'purchase,' . . . . This definition is consistent with the common meaning of 'sale[.]'"). Here, Plaintiffs' reading of the Section 921(a)(21)(C) terminology "personal collection" is more consonant with "common meaning." *See Collection*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993) ("[A] number of objects or persons or a quantity of a substance that has been collected or has collected often according to some unifying principle . . . ."); *see also Collection*, WEBSTER'S SECOND NEW INTERNATIONAL DICTIONARY (1940) ("That which is collected; as: a gathering or assemblage of objects or of persons; an accumulation of specimens of a certain class . . . .").

Yet Defendants maintain their interpretation despite acknowledging that "two-thirds of Americans report owning firearms primarily for 'defense' or 'protection'" — thereby necessitating the absurdity that the statute's safe harbor provision provides *no safe harbor at all* for the majority

---

[3] Defendants themselves recognize the accuracy of the phrase "safe harbor provision" and utilize it several times throughout the Final Rule. *See, e.g.*, 89 Fed. Reg. at 29025 ("The proposed rule explicitly recognized the GCA's 'safe harbor' provision that a person is not engaged in the business if the person makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby.").

of gun owners. 89 Fed. Reg. at 29036. Such an interpretation is untenable given the provision's logical statutory role. *See* A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 167 (2012) ("[T]he whole-text canon . . . calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical *and logical relation of its many parts*," as "[t]he entirety of the document thus provides the context for each of its parts.") (emphasis added); *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (holding that courts must look to "the language and design of the statute as a whole"); *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("A court must . . . interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into a[] harmonious whole.").

Lastly, the Final Rule creates sets of presumptions indicating (1) "when a person has the intent to 'predominantly earn a profit'" and (2) "that someone is 'engaged in the business.'" 89 Fed. Reg. at 28968–69. But these presumptions are highly problematic for at least two reasons. First, they flip the statute on its head by requiring that firearm owners prove innocence rather than the government prove guilt. *See id.* at 29024 ("[T]he presumptions are rebuttable, so in the event a civil or administrative proceeding is brought, and a presumption is raised, *it can be rebutted with reliable evidence to the contrary*.") (emphasis added). Second, several presumptions conflict with the statutory text. Two of them, for example, provide that a person is presumptively "engaged in the business" if he "demonstrates a willingness and ability to purchase and resell" firearms or "purchases . . . *or* . . . resells" firearms. *Id.* at 29091 (emphasis added). But as discussed *supra*, a mere willingness is not enough — there must also be prohibited acts. *See* 18 U.S.C. § 921(a)(21)(C) ("through the *repetitive purchase and resale of firearms*") (emphasis added). Nor is purchasing *or* reselling sufficient — the statute provides a conjunctive. *See id.* ("purchas[ing] *and* res[elling]") (emphasis added).

Plaintiffs understandably fear that these presumptions will trigger civil or criminal penalties for conduct deemed lawful just yesterday. Nevertheless, ATF avers that its "knowledge of existing case law" and "subject-matter expertise" will prevent misuse or abuse of the presumptions. 89 Fed. Reg. at 28975. In other words, "just trust us." But "[p]resumptions, especially in administrative proceedings that may generate institution-destroying liability, cannot be a matter of Department *ipse dixit*." *Career Colleges & Sch. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 251 (5th Cir. 2024). As such, Defendants' assurances fall short.

For the foregoing reasons, Plaintiffs are substantially likely to succeed on the merits of their APA claim. Accordingly, further analysis of their other claims — including their constitutional ones — is unnecessary at this time. *See VanDerStok v. BlackHawk Mfg. Grp. Inc.*, 659 F. Supp. 3d 736, 741 (N.D. Tex. 2023) ("To obtain a preliminary injunction, . . . movants must show that they are likely to succeed on the merits of *at least one* of their claims.") (emphasis added); *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "The Court defers ruling on the remaining Counts, which should not be construed as an indication of the Court's view of their merits." *Texas v. United States*, 515 F. Supp. 3d 627, 632 (S.D. Tex. 2021).

### III.    Plaintiffs face irreparable injury and are favored by the equities and public interest.

"In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 348 (5th Cir. 2022); *VanDerStok v. Garland*, 625 F. Supp. 3d 570, 582 (N.D. Tex. 2022). Irreparable harm must also be concrete, non-speculative, and more than *de minimis*. *Daniels Health Scis., L.L.C.*, 710 F.3d at 586. Lastly, "[t]he government's and the public's interests merge when the government is a party." *Mock v. Garland*, 75 F.4th 563, 577 (5th Cir. 2023).

19

24-10612.1008

That Plaintiffs would suffer irreparable injury absent an injunction is hard to dispute. Plaintiff States face the irreparable injury of revenue loss. *Wages & White Lion Invs.*, 16 F.4th 1130, 1142 (5th Cir. 2021). The particular amount of that revenue loss is of limited relevance. *See Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) ("In determining whether costs are irreparable, the key inquiry is 'not so much the magnitude but the irreparability.'") (quoting *Texas v. U.S. Env't Prot. Agency*, 829 F.3d 405, 433 (5th Cir. 2016)). Indeed, "[e]ven purely economic costs may count as irreparable harm 'where they cannot be recovered in the ordinary course of litigation.'" *Id.* (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Other Plaintiffs face both civil and criminal enforcement actions for engaging in conduct that the BSCA permits but the Final Rule impermissibly forbids. They cannot engage in lawful, noncommercial conduct without fear of prosecution. They cannot collect firearms for personal defense while enjoying statutory protection. Nor can they dispose of firearms from their personal collections for fear of being presumed "engaged in the business." ECF No. 16 at 43. And Plaintiffs' monetary costs — as well as those accrued by persons seeking licensure to avoid liability — "are unrecoverable because of the government–defendant's sovereign immunity from monetary damages[.]" *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:23-CV-1471-L, 2024 WL 1349307, at *9 (N.D. Tex. Mar. 29, 2024); *see also Louisiana v. Biden*, 55 F.4th 1017, 1034 (5th Cir. 2022) ("[C]omplying with a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs[.]")

Moreover, "[t]here is generally no public interest in the perpetuation of unlawful agency action." *State v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021). And as this Court's analysis makes clear, Defendants' Final Rule is almost certainly violative of — at the least — the APA. As such, "both

24-10612.1009

the balance of equities and the public interest weigh in favor of allowing orderly judicial review of the Rule before anyone shuts down their businesses or sends them to jail." *VanDerStok v. Garland*, 2023 U.S. App. LEXIS 26499, at *6 (5th Cir. Oct. 2, 2023).

CONCLUSION

Plaintiffs' Motion for a preliminary injunction is **GRANTED**. Defendants are hereby **ENJOINED** from enforcing the regulations — "Definition of 'Engaged in the Business' as a Dealer in Firearms" — published at 89 Fed. Reg. 28968 (April 19, 2024) (to be codified at 27 C.F.R. pt. 478) against all Plaintiffs pending the resolution of this lawsuit.

**SO ORDERED**.

June 11, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

21

39

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

STATE OF TEXAS, *et al.*,

      Plaintiffs,

  v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

      Defendants.

Case No. 2:24-cv-00089-Z

### NOTICE OF APPEAL

    Please take notice that Defendants hereby appeal to the United States Court of Appeals for

the Fifth Circuit from the Court's June 11, 2024 Memorandum Opinion and Order, ECF No. 70.

1

24-10612.1016

DATED: July 2, 2024     Respectfully submitted,

           BRIAN M. BOYNTON
           Principal Deputy Assistant Attorney General

           BRIGHAM J. BOWEN
           Assistant Director, Federal Programs Branch

           */s/ Zachary W. Sherwood*
           ZACHARY W. SHERWOOD
           (IN Bar No. 37147-49)
           JEREMY S.B. NEWMAN
           KERI L. BERMAN
           Trial Attorneys
           Civil Division, Federal Programs Branch
           U.S. Department of Justice
           1100 L Street, NW
           Washington, DC 20005
           Phone: (202) 616-8467
           Fax: (202) 616-8470
           Email:  zachary.w.sherwood@usdoj.gov

           *Attorneys for Defendants*

24-10612.1017

## CERTIFICATE OF SERVICE

On July 2, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
Trial Attorney
U.S. Department of Justice

24-10612.1018