IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS et al.

            Appellees,

      v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, et
al.,

           Appellants.

No. 24-10612

**STATUS REPORT AND MOTION FOR CONTINUED ABEYANCE**

This Court previously placed this case in abeyance and subsequently extended the abeyance through August 22, 2025. The federal government respectfully moves that the abeyance be continued for an additional 60 days. The private plaintiffs oppose this motion; the state government plaintiffs take no position on it.

1. In April 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) issued a rule addressing, inter alia, the circumstances under which individuals are required to obtain a federal firearms license because they are "engaged in the business" of dealing in firearms. 18 U.S.C. §§ 921(a)(21), 922(a)(1)(A); *see* Definition of

"Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024). Plaintiffs challenged the rule and sought a preliminary injunction, which the district court granted.  The government appealed, and briefing was completed on December 19, 2024.  On the government's motion, on March 3, 2025, the Court placed the case in abeyance "until June 23, 2025," and stated that the government is "permitted to file status reports as stated in [its] motion."  After the government filed a motion requesting that the abeyance be continued, on June 25, 2025, the Court extended the abeyance through August 22, 2025.

2.  As the government previously explained, the Department of Justice and ATF have announced "plans to revisit" the rule at issue in this case and "revis[e] the guidelines for determining who is considered 'engaged in the business' of selling firearms."  *See* Bureau of Alcohol, Tobacco, Firearms and Explosives, DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules (April 7, 2025), https://www.atf.gov/news/press-releases/doj-atf-repeal-ffl-inspection-policy-and-begin-review-two-final-rules.

We can now advise that ATF is currently preparing a notice of proposed rulemaking on the same subject matter as the Engaged in the Business rule.

3. In light of this ongoing rulemaking process, the federal government respectfully moves the Court to keep the case in abeyance for an additional 60 days. An abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal, including by ensuring that litigation is focused on an enduring agency action and informed by the views of current agency leadership.

4. Plaintiffs Tormey, GOA, GOF, TFA, and VCDL oppose this motion and intend to file an opposition. The remaining plaintiffs take no position on the motion and reserve the right to join aligned plaintiffs' opposition.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD


 */s/ Steven H. Hazel*
STEVEN H. HAZEL

Attorneys, Appellate Staff
Civil Division, Room 7217
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
(202) 514-2498
steven.h.hazel@usdoj.gov

*Counsel for Appellees*

August 22, 2025

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, I electronically filed this status report with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel