IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS et al.

    Appellees,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,

    Appellants.

No. 24-10612

**STATUS REPORT AND MOTION FOR CONTINUED ABEYANCE**

    This Court previously placed this case in abeyance and subsequently extended the abeyance through December 22, 2025. The federal government respectfully moves that the abeyance be continued for an additional 60 days. Texas and the private plaintiffs oppose this motion, but the other state government plaintiffs do not.

    1. In April 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) issued a rule addressing, inter alia, the circumstances under which individuals are required to obtain a federal firearms license because they are "engaged in the business" of dealing in firearms. 18 U.S.C. §§ 921(a)(21), 922(a)(1)(A); *see* Definition of

"Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024). Plaintiffs challenged the rule and sought a preliminary injunction, which the district court granted. The government appealed, and briefing was completed on December 19, 2024. On the government's motion, on March 3, 2025, the Court placed the case in abeyance "until June 23, 2025," and stated that the government is "permitted to file status reports as stated in [its] motion." The Court subsequently extended the abeyance through August 22, 2025, and then again, through October 21, 2025.

2. As the government has previously explained, on April 7, 2025, the Department of Justice and ATF announced "plans to revisit" the rule at issue in this case and "revis[e] the guidelines for determining who is considered 'engaged in the business' of selling firearms." *See* Bureau of Alcohol, Tobacco, Firearms and Explosives, DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules (April 7, 2025), https://www.atf.gov/news/press-releases/doj-atf-repeal-ffl-inspection-policy-and-begin-review-two-final-rules. ATF is preparing a notice of proposed rulemaking on the same subject matter as the Engaged in the Business rule. Although this process was affected by

the lapse in appropriations—which resulted in the furlough of most of ATF's Office of Regulatory Affairs—the agency currently expects to publish a notice of proposed rulemaking in early 2026.

3.  In light of these circumstances, the federal government respectfully moves the Court to keep the case in abeyance for an additional 60 days.  An abeyance will conserve party and judicial resources and promote the efficient and orderly disposition of this appeal, including by ensuring that litigation is focused on an enduring agency action and informed by the views of current agency leadership.

4.  Texas and the private plaintiffs oppose this motion, but the other state government plaintiffs do not.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD

_/s/ Steven H. Hazel_
STEVEN H. HAZEL

Attorneys, Appellate Staff
Civil Division, Room 7217
U.S. Department of Justice
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
(202) 514-2498
steven.h.hazel@usdoj.gov

*Counsel for Appellees*

December 22, 2025

## CERTIFICATE OF SERVICE

I certify that on December 22, 2025, I electronically filed this status report with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel
